IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Dawn Curtis, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.  11 C 3513 |
| Mercantile Adjustment Bureau, LLC, a New York limited liability company, Razor Capital, LLC, a Minnesota limited liability company, Razor Capital II, LLC, a Minnesota limited liability company and Frederick J. Hanna & Associates, P.C., a Georgia professional corporation, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Dawn Curtis, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) most of the acts and transactions occurred here; and b) Defendants transact business here.

## PARTIES

3.   Plaintiff, Dawn Curtis ("Curtis"), is a citizen of the State of Nebraska from whom Defendants attempted to collect a delinquent consumer debt owed for a Credit

One Bank credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Mercantile Adjustment Bureau, LLC ("Mercantile"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Mercantile collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois. Mercantile was acting as a debt collector as to the delinquent consumer debt it was trying to collect from Ms. Curtis.

5. Defendant, Razor Capital, LLC ("Razor One"), is a Minnesota limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Razor One operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. Razor One was acting as a debt collector as to the delinquent consumer debt it was trying to collect from Ms. Curtis.

6. Defendant, Razor Capital II, LLC ("Razor Two"), is a Minnesota limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Razor Two operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every

state, including consumers in the State of Illinois. Razor Two was acting as a debt collector as to the delinquent consumer debt it was trying to collect from Ms. Curtis.

7. Defendant Razor One and Razor Two are debt scavengers, and sister corporations, that specialize in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then tries to collect through other debt collectors, like Defendants Mercantile and Hanna.

8. Defendant, Frederick J. Hanna & Associates, P.C. ("Hanna"), is a Georgia professional corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Hanna collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois. Hanna was acting as a debt collector as to the delinquent consumer debt it was trying to collect from Ms. Curtis.

9. Defendants Mercantile, Razor One and Razor Two are authorized to conduct business in Illinois and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, all Defendants conduct business in Illinois.

10. Moreover, Defendants Mercantile and Razor One are licensed as collection agencies in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, Defendants Mercantile, Razor One and Razor Two each act as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

11. Ms. Curtis is a disabled woman, with limited assets and income, who fell behind on paying her bills, including a consumer debt she owed for a Credit One Bank credit card. At some point in time after that debt became delinquent, it was bought by either Defendant Razor One or Razor Two, and when they began trying to collect this debt from Ms. Curtis, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

12. Specifically, Defendant Razor One hired Defendant Mercantile, to demand payment of the Credit One Bank credit card debt from Ms. Curtis and on October 11, 2010, sent Ms. Curtis a collection letter. Moreover, this collection letter stated that Razor Capital, LLC was the current creditor of the debt. A copy of this letter is attached as Exhibit C.

13. Accordingly, on December 29, 2010, one of Ms. Curtis' attorneys at LASPD informed Defendant Razor One, through its agent, Mercantile, that Ms. Curtis was represented by counsel, and directed Razor One to cease contacting her, and to cease all further collection activities because Ms. Curtis was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

14. Undeterred, Defendant Razor Two then had Defendant Hanna send Ms. Curtis a collection letter, dated March 25, 2011, which demanded payment of the Credit One Bank credit card debt. Moreover, this collection letter stated that the current

creditor was Razor Capital II, LLC.  A copy of this collection letter is attached as Exhibit E.

15. Accordingly, on April 29, 2011, Ms. Curtis' LASPD attorney sent Defendants a letter, directing them to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

16. All of Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

17. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692g(a)(2)
### Failure To Identify Effectively The Current Creditor

18. Plaintiff adopts and realleges ¶¶ 1-17.

19. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, it must provide consumers with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;", see, 15 U.S.C. § 1692g(a)(2).

20. Defendants' form collection letters leaves anyone, let alone the unsophisticated consumer, with no idea as to who was the creditor actually is, Razor Capital, II, LLC or Razor Capital, LLC.  Defendants' form collection letters, thus violates § 1692g(2) of the FDCPA.

21. Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

5

## COUNT II
## Violation Of § 1692e Of The FDCPA --
## Making False Statements

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692e of the FDCPA prohibits Defendants from making any false, deceptive or misleading statements in connection with the collection of any debt, see, 15 U.S.C. § 1692e.

24. Defendants' form collection letters, referencing two different entities as the possible creditor, without any explanation of the relationship, if any, between them, was false, deceptive or misleading, in violation of § 1692e of the FDCPA.

25. Defendants' violations of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And To Cease Collections

26. Plaintiff adopts and realleges ¶¶ 1-17.

27. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

28. Here, the letters from Ms. Curtis' agent, LASPD, told Defendants to cease communications and to cease collections. By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the FDCPA.

29. Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT IV**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

30. Plaintiff adopts and realleges ¶¶ 1-17.

31. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

32. Defendants knew, or readily could have known, that Ms. Curtis was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing, through its agents, that Ms. Curtis was represented by counsel, and had directed a cessation of communications with Ms. Curtis. By directly sending Ms. Curtis a collection letter, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

33. Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Dawn Curtis, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Curtis, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Dawn Curtis, demands trial by jury.

                                      Dawn Curtis,

                                      By: /s/ David J. Philipps
                                      One of Plaintiff's Attorneys

Dated: May 25, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com